UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ERNEST SIMPSON,

       Petitioner,

   v.                                     ACTION NO. 2:05cv749

UNITED STATES PAROLE COMMISSION,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Ernest Simpson ("Simpson") was convicted in the United States District Court for the District of Maryland on December 22, 1981, of interstate transportation of forged securities and aiding and abetting. He was also convicted of conspiracy and interstate transportation of falsely made, forged, altered and counterfeited securities and aiding and abetting. He was sentenced to a term of five years for the first offense and six years for the second, with sentences to run concurrently. Simpson was additionally convicted in the Superior Court of the District of Columbia

of conspiracy and forgery, with a term of sixteen months to sixty months for the first charge and two years to eight years for the second charge, with the sentences to run concurrently.

Simpson was paroled August 29, 1986, and was scheduled to remain under parole supervision until February 21, 1996. On December 4, 1991, however, Simpson was convicted in the United States District Court for bank fraud and aiding and abetting. He was sentenced to a term of thirty-four months for that offense. As a result of that conviction and other new arrests and convictions the Parole Commission issued a warrant, which was lodged as a detainer. [Doc. 7, Ex. E, F, and G]. Upon completion of his new term of imprisonment, the Parole Commission held a parole revocation hearing. [Doc. 7, Ex. H]. As a result of that hearing the Commission revoked Simpson's parole, ordered that none of the time spent on parole be credited, and ordered forty-four months of service. [Doc. 7, Ex. I]. Simpson appealed that determination and it was affirmed. [Doc. 7, Ex. J]. Petitioner was re-paroled from the Federal Correctional Institution in Petersburg, Virginia, on May 28, 1994, to the State of Maryland for incarceration. He remained incarcerated in Maryland until March 18, 1998. [Doc. 7, Ex. L]. His parole was scheduled to expire March 10, 2003. Id.

On December 2, 1998, at approximately 3:00 p.m., Simpson allegedly shot an individual in the thigh and groin area. He was arrested at the scene and charged with aggravated assault. [Doc. 7, Ex. L]. As a result of that incident, the United States Parole Commission asked that a warrant be issued for Simpson and lodged as a detainer with the Baltimore Police City Detention Center. [Doc. 7, Ex. L]. Simpson entered a plea of guilty to an amended charge of attempted second degree murder and use of a handgun on July 28, 1999. [Doc. 7, Ex. N]. As a result of these activities, the Parole Commission revoked his parole and determined that "none of the time spent on parole [should] be credited. Continue to expiration." [Doc. 7, Ex. R].

Simpson, presently on parole under the supervision of the United States Parole Commission ("Commission"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 23, 2005. Simpson challenges the United States Parole Commission's determination that he will remain on parole for a full term date less 180 days of March 26, 2008. Simpson alleges that his parole has expired.

The Commission gave Simpson credit for four years, six months for the time he served between December 22, 1981, to August 29, 1986. Simpson asserts that he should have received credit for six years, six months and eight days for that period of time, because he was serving a concurrent sentence for federal convictions and for District of Columbia convictions. Simpson asserts that he should have received double credit from February 22, 1982, to August 29, 1986, and an additional one year, one month, and three days credit towards time served under the D.C. Code sentence from February 22, 1982, to March 25, 1983. He claims that this state time served should apply to his federal sentence, which ran concurrently during the same period. Simpson also asserts that he should receive credit for eight months and twelve days that he served from September 16, 1993, to May 28, 1994. Lastly, he asserts that his sentence should have begun running on December 8, 1998, rather than December 15, 1999.

Simpson filed his writ of habeas corpus December 23, 2005. [Doc. No. 1]. Respondent filed "Response to Petition for Writ of Habeas Corpus" on May 1, 2006. [Doc. No. 7]. Simpson filed "Response to Respondent's Response to Petition for Writ of Habeas Corpus" on May 18, 2006. [Doc. No. 8].

### B. Grounds Alleged

Simpson asserts he is entitled to relief under 28 U.S.C. § 2241, because the United States Parole Commission miscalculated his release from supervision date. He alleges that his time on federal parole has expired, while the United States Parole Commission asserts that Simpson should remain on parole until March 26, 2008.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner is currently serving a term of supervision having been mandatorily released from custody on March 7, 2005. [Doc. No. 7, Ex. Y]. This court finds that the calculations of the Commission are correct and that Simpson's parole has not yet expired.

Simpson argues that he should receive additional credit for the time he served on his DC Code sentence from February 22, 1982, to March 25, 1983. He is contending that he should receive double credit for that time. That argument is baseless. Simpson did receive credit for his period of federal incarceration from 1981 to 1986 - four years, six months - which is the appropriate amount of time to be credited to him. His original federal sentence of fourteen years was reduced to nine years and six months after that period of imprisonment, with a sentence completion date of February 21, 1996. [Doc. No. 7, Ex. D].

A U.S. District Court convicted Simpson of bank fraud and abetting on December 4, 1991. A United States Parole Commission warrant issued on February 14, 1992, alleging further criminal activity, which tolled the running of Simpson's sentence. See Chancey v. Clark, 914 F.2d 247 (4th Cir. 1990); see also Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1992)(a warrant issued before the expiration of sentence tolls the running of the sentence and permits execution at a later date). Based upon this new conviction, Simpson received no credit against his sentence for the time

he spent on parole. Simpson's warrant was executed on September 16, 1993, which re-started the running of his sentence. "It is the execution of the warrant that places the defendant in the custody of the United States Parole Commission." Cooper v. United States Parole Comm'n, 2000 U.S. App. LEXIS 26836 *3 (4th Cir. 2000). "Under 28 C.F.R. 2.47, it is the policy of the Parole Board that the 'revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again starts to run only upon release from the confinement portion of the new sentence [and execution of the warrant] or the date of re-parole granted pursuant to these rules, whichever comes first." Cooper v. United States Parole Comm'n, 2000 U.S. App. LEXIS 26836 *3 (4th Cir. 2000)(internal citations omitted). Thus, September 16, 1993, commenced the running of the nine years and six months remaining on his sentence. Simpson served eight months and was re-paroled on May 28, 1994. Upon that release, eight years and ten months remained on his sentence, with a full term date of March 10, 2003. [Doc. 10, Ex. K].

The Commission issued another warrant for Simpson on December 8, 1998, which tolled the running of his sentence. See Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1992). That warrant was not executed until December 15, 1999, which re-started the running of Simpson's sentence. Simpson was in state custody during the period between December 8, 1998, and December 15, 1999. Simpson asserts that he should receive federal parole credit for that period of time. Time spent in state custody is usually considered "parole," and may be revoked as such. "There is nothing in the legislative history of the Parole Act to suggest that a prisoner who is paroled to the custody of state prison authorities is not on parole, or that parole violators should receive federal parole credit for time served in state prison." Weeks v. Quinlan, 838 F.2d 41, 46 (2nd Cir. 1988); see also Garafola v. Wilkinson, 721 F.2d 420 (3rd Cir. 1983). A sentence served in a state prison is considered parole

and is subject to forfeiture when a defendant has committed a new offense. See Garafola v. Wilkinson, 721 F.2d 420 (3rd Cir. 1983), cert. denied, 466 U.S. 905 (1984). Thus, Simpson's original federal sentence did not begin to run again until his warrant was executed on December 15, 1999, because his time in state custody was considered time on parole and forfeited.

Simpson was imprisoned, and receiving credit for his federal sentence from December 15, 1999, to March 7, 2005. At the time of his release he had three years and seven months remaining on his sentence, for a full term date of September 26, 2008. His full term date is reduced by 180 days, because he was mandatorily released pursuant to 18 U.S.C. §4164, which makes his effective full term date March 26, 2008. Simpson's assertion that he has completed his term of parole is inaccurate.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Simpson's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Simpson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this

report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



                              /s/
                              Tommy Miller

Norfolk, Virginia

July 31, 2006

## CLERK'S MAILING CERTIFICATE

  A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ernest Simpson
196 Kent Drive
Ruther Glenn, VA 22546


Virginia Van Valkenburg, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

               Fernando Galindo, Acting Clerk


            By _____
              Deputy Clerk

            July  , 2006